**Ryan Costello**
**Assistant Federal Public Defender**
**101 S.W. Main, Suite 1700**
**Portland, OR  97204**
**Tel:    (503) 326-3495**
**Fax:    (503) 326-5524**
**Email:   ryan_costello@fd.org**

**Attorney for Defendant**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 3:20-cr-00298-SI** |
| **Plaintiff,** | **DEFENDANT'S** |
| | **SENTENCING MEMORANDUM** |
| **v.** | |
| **EDWARD THOMAS SCHINZING,** | |
| **Defendant.** | |

The government recommends a sentence of fifteen months followed by three years of supervised release and appropriate placement in the Volunteers of America (VOA) Men's Residential Treatment Center or the Northwest Regional Reentry Center (NWRRC). Mr. Schinzing agrees with the government that the appropriate sentence is fifteen months' imprisonment, but asks this Court for time served because Mr. Schinzing has functionally served fifteen months incarceration, followed by three years of supervised release and placement at the NWRRC or VOA Men's Residential Treatment Center. There should be little to no gap between

**Page 1 - DEFENDANT'S SENTENCING MEMORANDUM**

Mr. Schinzing's release from prison and his accessing much needed alcohol, mental health, and rehabilitative treatment and programming, and the parties have coordinated with U. S. Probation to ensure he receives these necessary services.

Mr. Schinzing was booked into custody on July 28, 2020.  On September 1, 2021, he will have thirteen months and four days of credit towards his sentence. A full good conduct reduction on a sentence of fifteen months equals twelve months and twenty-four days. At sentencing, a sentence of fifteen months means Mr. Schinzing will have overserved his sentence by ten days, not including the loss of opportunity for community corrections through the Bureau of Prisons.

### United States Sentencing Guideline Calculation

Mr. Schinzing has no objections to the Presentence Investigation Report (PSR) or to the Guideline calculation in the PSR. Mr. Schinzing has pleaded guilty to Count 1 of the Indictment, Arson in violation of Title 18, United States Code, Section 844(f)(1). As reflected in the plea agreement and the PSR, the parties agree Mr. Schinzing's relevant conduct for arson results in a base offense level of 20 under U.S.S.G. § 2K1.4(a)(2). The parties further agree that defendant's base offense level should be decreased by two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Accordingly, Mr. Schinzing's final offense level is 17.

As reflected in the plea agreement and the PSR, Mr. Schinzing's criminal history qualifies as Criminal History Category IV. With a final offense level of 17 and a Criminal History Category IV, Mr. Schinzing's guideline sentence range is 37-46 months' imprisonment as calculated in the PSR, absent any additional departures or variances as agreed to by the parties. Mr. Schinzing is requesting fifteen months' imprisonment, or time served come September 1, 2021.

**Page 2 - DEFENDANT'S SENTENCING MEMORANDUM**

**Conditions of Supervised Release, Restitution, and Fines**

Mr. Schinzing requests this Court impose a term of supervised release of three years. The PSR recommends the standard conditions of supervision and many special conditions of supervision. Mr. Schinzing has no objection to these conditions, and asks this Court to add a special condition of supervised release that, at the direction of the United States Probation Office, Mr. Schinzing reside at a residential reentry center. The Court could also consider imposing a condition that Mr. Schinzing perform community service as a component of his supervision. For example, requiring Mr. Schinzing to clean the streets of Portland through an organization like SOLVE or to engage in a litany of other volunteer opportunities in Multnomah County would help Mr. Schinzing make amends for the harm he caused to the county. Making Mr. Schinzing give back through community service would be more productive way for him to make amends rather than continued incarceration.

Regarding the fee assessment, while Mr. Schinzing understands there is a $100 mandatory assessment under 18 U.S.C. § 3013, he requests the Court to waive all other fines and fees as he will be incarcerated and unable to pay any fines or fees back. Additionally, given the large amount of restitution owed, Mr. Schinzing's monetary contributions would be better served reimbursing Multnomah County for the damage he caused rather than paying a fine.

Mr. Schinzing agrees to pay restitution for losses caused by his conduct. However, currently he objects to the proposed restitution total. Many other people caused damage to the Multnomah County Corrections Records Office on May 29, 2020. Mr. Schinzing requests restitution be bifurcated and a restitution hearing set out 90 days from sentencing to determine the restitution total.

**Page 3 - DEFENDANT'S SENTENCING MEMORANDUM**

**Conclusion**

For the reasons stated above and discussed in an accompanying sentencing submission, Mr. Schinzing respectfully requests the Court to find that a sentence of time served (functionally fifteen months' imprisonment), is "sufficient, but not greater than necessary," to comply with the following purposes of sentencing. *Dean* 137 S. Ct. at 1175.

RESPECTFULLY submitted this 26th day of August 2021.


*/s/ Ryan Costello*
Ryan Costello
Attorney for Defendant

**Page 4 - DEFENDANT'S SENTENCING MEMORANDUM**